UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| GARY V. JENKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No.  23-02820 (UNA) |
| v. | ) | |
| | ) | |
| TRACY O'LEARY TEVYAW, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

This action, brought *pro se*, is before the Court on review of Plaintiff's Complaint and application to proceed *in forma pauperis* (IFP).  The Court will grant the application and dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B) (requiring immediate dismissal of a case upon a determination that the complaint fails to state a claim on which relief may be granted).

Complaints filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Still, *pro se* litigants must comply with the Federal Rules of Civil Procedure.  *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987).  Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks.  Fed. R. Civ. P. 8(a).  It "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

Plaintiff, a resident of Jonesboro, Georgia, has sued an individual in Providence, Rhode Island, for $200,000. Plaintiff "avers that Defendants are assaulting" him. ECF No. 1 at 1. He states that "Fourteenth Amendment rights violations include: 1) Invidious Disparate Treatment, 2) Producing false medical records, [and] 3) Human Rights Violations" and seeks damages for "Lost Productivity and Mental Exhaustion." *Id*. Plaintiff has not alleged facts establishing his entitlement to relief.[1] Consequently, this case will be dismissed by separate order.

Date: October 31, 2023

JIA M. COBB
United States District Judge

---

[1] In at least 34 separate actions filed within a month's time, Plaintiff has brought the same one-paragraph typewritten complaint against a different defendant and has requested IFP status. Plaintiff's persistence in bringing insubstantial actions may result ultimately in his inability to proceed IFP. *See Hurt v. Soc. Sec. Admin.*, 544 F.3d 308, 310 (D.C. Cir. 2008) (authorizing the denial of IFP status prospectively "when the number, content, frequency, and disposition of a litigant's filings show an especially abusive pattern") (cleaned up)).